IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE LEE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-527-ECM |
| | ) | |
| MONTGOMERY COUNTY DETENTION | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

**INTRODUCTION**

On July 16, 2025, *pro se* Plaintiff Rosie Lee Murphy ("Murphy") filed this 42 U.S.C. § 1983 action arising out of an alleged incident that occurred at the Montgomery County Detention Facility. (Doc. 1). On September 9, 2025, Murphy filed an amended complaint (the operative complaint) naming additional Defendants. (Doc. 18). On April 23, 2026, the Magistrate Judge recommended that Murphy's amended complaint be dismissed without prejudice for failure to comply with Court Orders and failure to prosecute because Murphy failed to provide the Clerk's Office with proposed summonses in order to serve the Defendants. (Doc. 46). Murphy filed a "motion for objection to Doc. #46," which the Court construes as objections to the Recommendation. (Doc. 50). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Murphy's objections, the Court concludes that Murphy's objections are due to be

overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified, and this case is due to be dismissed without prejudice.

## LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

## DISCUSSION

Before addressing Murphy's objections, the Court recounts the relevant procedural history of this case. On September 9, 2025, Murphy filed an amended complaint (the

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

operative complaint) naming multiple new defendants. (Doc. 18).  At that time, Murphy did not provide proposed summonses to the Clerk's Office.  On October 9, 2025, the Clerk of Court sent Murphy a notice informing her that she had failed to include proposed summonses and instructed her to "file with the Clerk's Office as soon as possible one proposed summons per defendant." (Doc. 21).  The notice further directed Murphy to the page on the Court's website where the summons may be found. (*Id.*).  On or about October 23, 2025, Murphy filed a notice informing the Court of a change in her address and that she was currently detained at the Montgomery County Detention Facility. (Doc. 24).

To date, 288 days have passed since the amended complaint was filed, but the Defendants have not been served because Murphy has not complied with the Clerk's notice regarding the outstanding summonses and has not otherwise perfected service on the Defendants.  "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).  Moreover, Rule 4(m) requires that the Court dismiss an action without prejudice if the defendants are not served within ninety days after the complaint is filed, unless the plaintiff can show good cause for the failure. FED. R. CIV. P. 4(m).  Although courts give "liberal construction to the pleadings of *pro se* litigants," courts nonetheless "require them to conform to procedural rules," including the Federal Rules of Civil Procedure governing service of process. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

In her objections, Murphy contends that since October 2025, she has been incarcerated with limited access to the law library and often in solitary confinement, and it is "almost impossible to get legal work done," and thus she has been unable to obtain the information necessary to file the proposed summonses and effectuate service. (Doc. 50). This argument ignores the fact that she filed her amended complaint before she was incarcerated, at which point her obligation to timely effectuate service was triggered, and that three or more weeks elapsed from when she filed the amended complaint until she became incarcerated.[2]  Although Murphy is *pro se*, she is expected to comply with procedural rules. *See Albra*, 490 F.3d at 829.  Further, Murphy has filed numerous motions and notices with the Court while incarcerated, (*see, e.g.*, docs. 25, 26, 27, 29, 30, 31, 32, 33, 34, 40, 48, 49, 50), which undercuts her argument that her incarceration has impeded her ability to draft and file documents with the Court.  Upon *de novo* review, the Court concludes that Murphy has failed to comply with Court Orders, failed to prosecute this action, and failed to effectuate service within the time prescribed by Rule 4(m) without showing good cause for her failure.  Consequently, Murphy's objections are due to be overruled, and this case is due to be dismissed without prejudice.

## CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is

---

[2] Moreover, when she filed her original complaint, Murphy filed a proposed summons for one of the Defendants, which indicates that she possesses some understanding of the applicable service rules.  And as the Recommendation points out, Murphy is a frequent litigant in this Court, and in several cases she has filed proposed summonses with her complaints. (*See generally, e.g.*, *Murphy v. Pepboys*, 2:25-cv-418-ECM-SMD; *Murphy v. Ala. Mental Health Auth. et al.*, 2:25-cv-771-MHT-KFP).

ORDERED as follows:

1.     Murphy's objections (doc. 50) are OVERRULED;

2.     The Recommendation of the Magistrate Judge (doc. 46) is ADOPTED as modified;

3.     This case is DISMISSED without prejudice;

4.     All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 24th day of June, 2026.

             /s/ Emily C. Marks
             EMILY C. MARKS
             UNITED STATES DISTRICT JUDGE